# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHARLES RAY SMITH,

        Plaintiff,                Case Number: 2:10-CV-12955

v.                                       HON. VICTORIA A. ROBERTS

NICK LUDWICK, ET AL.,

        Defendants.
_____/

## ORDER OF PARTIAL DISMISSAL AND DIRECTING SERVICE

Plaintiff Charles Ray Smith has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff, who is presently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, is proceeding without prepayment of the filing fee for civil actions under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's claim that he was denied his right of access to the courts, pursuant to 28 U.S.C. § 1915(e)(2),[1] for failure to state a claim upon which relief may be granted.

## I.

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's access-to-the-courts claim is subject to dismissal.

## II.

In his complaint, Plaintiff states two claims for relief. First, he argues that defendants denied him his right of access to the courts by delaying the delivery of legal mail related to a state court civil lawsuit regarding compensation for injuries suffered in an automobile accident. Second, he alleges that the defendants opened his legal mail outside his presence despite a proper written request that such mail be opened only in his presence. He names as defendants five employees of the prison facility mailroom (including one Jane Doe employee), two employees working at the warehouse where incoming packages are received (including one John Doe employee), the current and former wardens of the St. Louis Correctional Facility, and two facility managers.

He alleges that the mailroom and warehouse employees improperly opened his legal mail and delayed its delivery to him. He alleges that the supervisors and wardens were aware of the

unconstitutional interference with access to the courts and legal mail, encouraged or sanctioned the violations, and failed to correct them.

### III.

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491 (1977). This fundamental constitutional right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. It also includes providing indigent inmates with "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. However, the right of access to the courts is not unrestricted.

The Supreme Court has stated:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355, 116 S. Ct. 2174 (1996). "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) ( en banc ).

Plaintiff's automobile-related lawsuit is clearly not a part of his criminal case and not a collateral attack on his conviction or sentence. Therefore, he fails to state a cognizable claim for denial of the right of access to the courts.

## IV.

Plaintiff's claim that defendants violated his right of access to the courts related to the delay in delivering mail regarding his automobile-accident lawsuit fails to state a claim upon which relief may be granted. Accordingly, IT IS ORDERED that this claim is DISMISSED.

IT IS FURTHER ORDERED that the United States Marshal shall serve the appropriate papers in this case on Defendants without prepayment of the costs for such service. The Marshal may collect the usual and customary costs from Plaintiff after effecting service.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 11, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Charles Smith by electronic means or U.S. Mail on August 11, 2010.

s/Linda Vertriest
Deputy Clerk