UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHARLES SMITH,**

        **Plaintiff,**                      **CIVIL ACTION NO. 10-CV-12955**

   vs.                                 **DISTRICT JUDGE VICTORIA A. ROBERTS**

**NICK LUDWICK, STEVE RIVARD,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**WAYNE DEVERNEY, SCOTT SMITH,**
**TRAVIS GAGER, R. MARTINEZ, JILL**
**BROWN, RUTH HALL, KRIS NAFFZIGER,**
**JOHN DOE, and JANE DOE,**

        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION:** This Court recommends that the Motion for Summary Judgment filed by Defendants Ludwick, Rivard, Smith, Gager, Brown, Hall, and Naffziger (docket no. 16) be **GRANTED IN PART** as discussed below. The Court further recommends that the Motion for Preliminary Injunction or in the Alternative for Protective Order filed by Plaintiff (docket no. 28) be **DENIED**.

**II.    REPORT**:

This matter is before the Court on two motions. The first motion is the Motion for Summary Judgment filed by Defendants Ludwick, Rivard, Smith, Gager, Brown, Hall, and Naffziger. (Docket no. 16). Plaintiff filed a response. (Docket no. 33). The second motion is the Motion for Preliminary Injunction or in the Alternative for Protective Order filed by Plaintiff. (Docket no. 28). Defendants filed a response. (Docket no. 32). Plaintiff filed a reply. (Docket no. 34). The motions have been referred to the undersigned for action. (Docket nos. 38, 39). The Court dispenses with

1

oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). The motions are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.     Facts**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is a Michigan prisoner who alleges that Defendant prison officers and officials opened his legal mail outside his presence on four separate occasions in violation of the First Amendment to the United States Constitution. (Docket no. 23). Defendants are former St. Louis Correctional Facility ("SLF") Warden Nick Ludwick, SLF Acting Warden Steven Rivard, Food Service Supervisor or Acting Facility Manager Scott Smith, Storekeeper Travis Gager, and Mailroom Staff/General Office Assistants Jill Brown, Ruth Hall, and Kristin Naffziger. Also sued but not yet served are John Doe Warehouse Staff and SLF Mailroom Staff R. Martinez and Jane Doe. Defendant Wayne Deverney filed an answer to the complaint but is not participating in the instant motions. (Docket no. 41). Plaintiff sues Defendants in their official and individual capacities for damages and injunctive relief.

Plaintiff alleges that he submitted a written request to be present during the opening of his legal mail in accordance with Michigan Department of Corrections ("MDOC") policy. On August 3, 2009 a Federal Express envelope sent from Drazin & Associates, P.L.L.C. and addressed to Plaintiff was delivered to the prison warehouse. Defendant Gager signed for the envelope and after allegedly failing to recognize that it was legal or regular mail placed it on the shelf for normal delivery. (Docket nos. 16, 23). The envelope was subsequently opened and was delivered to the mailroom for processing after it was determined to be mail. (Docket no. 16). On August 18, 2009 Plaintiff was notified that he had legal mail for pick up. He picked up three envelopes containing legal mail. Only the Federal Express envelope had been opened. The improper opening of his legal

mail was noted on the special handling log sheet located at the control center. Plaintiff contends that in addition to the August 2009 incident, legal mail addressed to him was opened outside of his presence on September 8, 2009, December 21, 2009, and June 16, 2010. (Docket no. 23).

Defendants acknowledge that some of Plaintiff's legal mail was opened in error outside of his presence, but argue that Plaintiff has not alleged facts to show or provided evidence to demonstrate that Defendants Ludwick, Rivard, Smith, Gager, Brown, Hall, or Naffziger were personally involved in or intentionally opened Plaintiff's legal mail.

**B.    Standard**

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir.2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* If the non-moving party shows by affidavit or declaration that he cannot present facts essential to his opposition, the court may defer considering the motion, deny the motion, or allow time to take discovery. Fed.R.Civ.P. 56(d).

**C.    Analysis**

**1.    Defendants' Motion for Summary Judgment**

Plaintiff's amended complaint alleges that his First Amendment rights were violated when Defendants opened his legal mail outside of his presence. The Sixth Circuit recognizes that

3

prisoners have some First Amendment rights in receiving mail, but prison officials may impose restrictions upon those rights that are reasonably related to security or other legitimate penological objectives. *See Parrish v. Johnson*, 800 F.2d 600, 603 (6th Cir.1986). "[P]rison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security." *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir.1993) (citation omitted). "[B]latant disregard for established regulations gives rise to an inference of arbitrary or capricious action." *Id*. at 610. Prison officials who open and read incoming mail in an arbitrary and capricious fashion violate a prisoner's First Amendment rights. *Parrish v. Johnson*, 800 F.2d at 604. The MDOC's procedure for handling legal mail is governed by Policy Directive 05.03.118, which requires that clearly identified legal mail be opened and inspected in the presence of a prisoner who has requested special handling of his legal mail. (Docket no. 16, ex. 1).

**a.    Defendants Rivard and Smith**

Defendants Rivard and Smith argue that they are entitled to dismissal of Plaintiff's claims because Plaintiff has not averred facts to show that they were actively involved in the opening of Plaintiff's legal mail. Liability under 42 U.S.C. § 1983 cannot be premised solely upon a theory of respondeat superior or a right to control employees. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). Instead, Plaintiff must allege and show that each Defendant was personally involved in, or authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct. *Id*. A basic tenet of pleading is that a plaintiff must attribute factual allegations to every defendant. *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir.2010) ("[e]ach defendant's liability must be assessed individually based on his own actions.").

Plaintiff does not mention Defendants Rivard and Smith in the body of the amended

complaint. Moreover, Plaintiff has not made any allegations from which the Court could infer that Defendants Rivard and Smith were involved in or encouraged the opening of Plaintiff's mail. Therefore, Plaintiff has failed to state claims against Defendants Rivard and Smith and these Defendants should be dismissed.

**b.      Defendant Ludwick**

The amended complaint alleges that Plaintiff wrote Defendant Ludwick on or around September 9, 2009 regarding the mishandling of his legal mail. (Docket no. 23, ¶ 26). It further alleges that Defendant Ludwick's grievance responses acknowledge that Plaintiff's mail was opened outside of Plaintiff's presence and disregarded or denied Plaintiff's request for the names of those involved in the handling of his mail. (Docket no. 23, ¶ 27). No other allegations are made against Defendant Ludwick in the amended complaint. In response to the instant motion, Plaintiff argues that Defendant Ludwick knew of and knowingly acquiesced in the unconstitutional violations occurring in the mailroom because he responded to grievances from multiple inmates related to problems with the handling of legal mail and he reminded mailroom staff to follow procedure. (Docket no. 33 at 5).

Section 1983 liability may not be imposed simply because a supervisor denied administrative grievances or failed to act based upon information contained in a grievance. *Shehee v. Luttrell*, 199 F.3d at 300; *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir.1988) (an allegation that a supervisory official was aware of unconstitutional conduct but failed to take appropriate action fails to state a claim under section 1983). Plaintiff has not alleged facts in his amended complaint to show that Defendant Ludwick actively participated in or knowingly acquiesced or authorized the opening of Plaintiff's legal mail. Accordingly, Plaintiff's amended complaint does not state a claim against

Defendant Ludwick.

**c.     Defendants Gager, Brown, Hall, and Naffziger**

As previously noted, Plaintiff alleges that Defendant Gager was involved in the mishandling of Plaintiff's August 2009 legal mail. (Docket no. 23, ¶¶ 17-18). Plaintiff does not raise specific factual allegations against Defendants Brown, Hall, and Naffziger in the body of the complaint other than to state that they were mailroom employees. (Docket no. 23, ¶¶ 10-12).

In response to Defendants' Motion for Summary Judgment Plaintiff argues that he tried to ascertain the names of the mailroom staff who were responsible for opening his legal mail but that he has been refused this information. Plaintiff's counsel submitted a Rule 56(d) declaration with the response to the motion. The declaration states that Plaintiff's counsel cannot properly respond to the instant motion until she has had an opportunity to take discovery concerning who was responsible for special legal mail handling at SLF on the dates in which Plaintiff's legal mail was improperly opened. (Docket no. 33, ex. D).

Defendants Brown, Hall, Naffziger, and Gager worked at times in the SLF mailroom or handled Plaintiff's legal mail and may have had some involvement in the improper opening of his legal mail. The Court recommends that Defendants' Motion for Summary Judgment be denied as to Defendants Gager, Brown, Hall, and Naffziger so that the parties can have a fair opportunity to engage in discovery. Defendants should be permitted to file a second Motion for Summary Judgment if necessary after the parties have had an opportunity for discovery.

**d.     Eleventh Amendment Immunity**

Plaintiff sued the Defendants in their official and individual capacities. "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving,* 330 F.3d

802, 810 (6th Cir.2003) (citations omitted). Thus, "a suit for monetary damages against an individual in his or her official capacity is deemed to be an action against the state." *Johnson v. Unknown Dellatifa,* 357 F.3d 539, 545 (6th Cir.2004) (citation omitted). The Eleventh Amendment bars civil rights actions for money damages under § 1983 against state employees sued in their official capacities. *Id.* To the extent Plaintiff seeks monetary damages from Defendants Gager, Brown, Hall, and Naffziger for violations of § 1983 which occurred while these Defendants were acting in their official capacities, those claims are barred by the Eleventh Amendment and should be dismissed from this lawsuit. Plaintiff however should be permitted to proceed with his official capacity claims for prospective injunctive relief against Defendants Gager, Brown, Hall, and Naffziger. *See id.* at 545 n.1 (a plaintiff avoids the bar of sovereign immunity by suing for prospective injunctive relief rather than monetary damages).

**2.     Plaintiff's Motion for Preliminary Injunction or for Protective Order Prohibiting Retaliation**

Next, Plaintiff moves for an injunction "enjoining Defendants and Defendants' agents, officers, and employees from retaliating or threatening to retaliate against Plaintiff for filing and prosecuting this lawsuit and for filing grievances against such retaliatory and discriminatory conduct." (Docket no. 28). In the alternative Plaintiff seeks a protective order prohibiting Defendants from threatening or taking any retaliatory action against Plaintiff for his prosecution of this lawsuit or for any grievances he files against such conduct. (Docket no. 28).

Plaintiff maintains that non-party SLF corrections officer ("CO") Sholtz inspected and read Plaintiff's legal documents in October 2010. (Docket no. 28, ex. 1). Plaintiff claims that the next day CO Sholtz informed Plaintiff's supervisor that Plaintiff "likes to sue us," and asked the supervisor whether he (Sholtz) could fire Plaintiff. Plaintiff's supervisor allegedly answered "sure."

(Docket no. 28 at 1-2 and ex. 1). Plaintiff contends that non-party CO Eldridge issued a "Bad Work Report" against Plaintiff after overhearing that Plaintiff likes to sue MDOC employees. (Docket no. 28, ex. 1).

Plaintiff avers that he was intimidated when CO Sholtz repeatedly called him by a nickname that is used in his Pre-Sentence Report, and speculates that Sholtz has been able to access confidential aspects of his file. (Docket no. 28 at 2 and ex. 1). Plaintiff alleges that Sholtz ordered him to leave his work area although Sholtz is not his supervisor. (Docket no. 28 at 2). Plaintiff contends that non-party CO Kingsbury told Plaintiff to stop filing lawsuits and grievances and suggested that he could send Plaintiff to the hole where bad things could happen to him. Finally, Plaintiff alleges that his cellmate, Alvin Kindall (#223814), was approached by non-party CO Mays and Siefker who threatened to find "something ... in Plaintiff's cell" if Kindall did not persuade Plaintiff to stop filing grievances against MDOC staff. (Docket no. 28 at 2 and ex. 1). Although Plaintiff claims he did not suffer any immediate adverse action from this conduct, he contends that he has since been fired from his job in the general library and he maintains that his cell has been searched and that some of his legal documents have been lost or destroyed. (Docket nos. 28, 34).

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir.2002). In deciding a motion for preliminary injunction, the Court considers whether: (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant will suffer irreparable harm without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest will be served by issuing the injunction. *Id*.

In opposition to the motion Defendants submitted affidavits from CO Sholtz, Eldridge, Kingsbury, May, Siefker, SLF Librarian Valone, and Plaintiff's cellmate Alvin Kindall (#223814) opposing the statements made in Plaintiff's affidavit. (Docket no. 32, exs. 2-8). Defendants also submitted copies of Grievance No. SLF-10-11-1602-28e showing that Plaintiff's grievance of these issues was rejected at step one as untimely. (Docket no. 32, ex. 10).

Plaintiff alleges that he has demonstrated a strong or substantial likelihood of succeeding on the merits of a First Amendment retaliation claim. Curiously, however, Plaintiff has not asserted a claim of retaliation in this lawsuit. Even if he had, Defendants show that Grievance No. SLF-10-11-1602-28e was rejected at step one as untimely and Plaintiff states that other grievances he filed in relation to the retaliatory conduct remain pending. (Docket no. 28 at 3). Therefore, it is apparent that at the time this motion was briefed Plaintiff had not exhausted his administrative remedies related to a claim of retaliation and had not filed any such claim. Plaintiff has not established that there is a strong likelihood that he would succeed on the merits of a retaliation claim that was not fully exhausted or filed. He does not address the likelihood of success of his underlying claims in his § 1983 action, or seek a preliminary injunction enjoining Defendants from opening his legal mail. Since Plaintiff has not sustained his high burden for imposition of a preliminary injunction prohibiting retaliation, his motion for a preliminary injunction should be denied.

Next, Plaintiff asks the Court to apply the All Writs Act, 28 U.S.C. § 1651(a), to grant him a protective order prohibiting retaliatory and intimidating activity. The All Writs Act "provides that Article III courts generally 'may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.' " *In re Life Investors Ins. Co. of Am.*, 589 F.3d 319, 330 (6th Cir.2009) (quoting 28 U.S.C. § 1651(a)). The Act also gives the district

court authority "to prevent defiance of its orders," or to issue any "subsequent order in furtherance of an initial order" providing the initial order was lawful. *United States v. Perry*, 360 F.3d 519, 534 (6th Cir.2004); *Crocker v. Tenn. Secondary Sch. Athletic Ass'n*, No. 89-6450, 89-6451, 1990 WL 104036, at *4 (6th Cir. July 25, 1990), *aff'd sub nom. Metro. Gov't of Nashville v. Crocker*, 908 F.2d 973 (6th Cir.1990). The All Writs Act "should only be used 'sparingly and only in the most critical and exigent circumstances.' " *In re Life Investors Ins. Co. of Am.*, 589 F.3d at 330 (quoting *Wisc. Right to Life, Inc. v. Fed. Election Comm'n*, 542 U.S. 1305, 1306 (2004)).

Plaintiff has failed to justify his request for a protective order prohibiting retaliatory and intimidating activity under the All Writs Act.

**3.    Conclusion**

For the reasons stated herein, the Court recommends that Defendants' Motion for Summary Judgment be granted in part, and Defendants Ludwick, Rivard, and Smith should be dismissed from this lawsuit, along with Plaintiff's official capacity claims for monetary damages against Defendants Gager, Brown, Hall, and Naffziger. Defendants' Motion for Summary Judgment should be denied as to Plaintiff's individual capacity claims and official capacity claims for prospective injunctive relief against Defendants Gager, Brown, Hall, and Naffziger. These Defendants should be permitted to file a second Motion for Summary Judgment as necessary after the parties have had an opportunity to engage in discovery. Finally, Plaintiff's Motion for Preliminary Injunction or in the Alternative for Protective Order Prohibiting Retaliation should be denied.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 22, 2011        s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: July 22, 2011        s/ Lisa C. Bartlett
                            Case Manager

11