UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Charles Smith,**

      **Plaintiff,**               Civil Action No.: 10-CV-12955

  vs.                      District Judge Victoria A. Roberts

                            Magistrate Judge Mona K. Majzoub

**Wayne Deverney, Kris Naffziger, Jill Brown, Ruth Hall, Travis Gager, Rhonda Martinez, and Debra Evans,**

      **Defendants.**

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR PERMISSION TO FILE A FRCP 56 DISPOSITIVE MOTION [76] AND DENYING PLAINTIFF'S MOTION TO COMPEL [78]**

This matter comes before the Court on Defendants' Motion for Permission to File a Dispositive Motion (docket no. 76) and Plaintiffs' Motion to Compel (docket no. 78). Plaintiff did not file a response to Defendants' Motion; Defendants filed a Response to Plaintiff's Motion to Compel (docket no. 79). All pretrial matters have been referred to the undersigned for decision. (Docket no. 56.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motions are now ready for ruling.

**I.    Background**

Plaintiff Charles Smith, a prisoner, has filed this 42 U.S.C. § 1983 action against various prison officials for allegedly opening his legal mail outside of his presence. (Docket no. 23.) On November 1, 2010, Defendants Gager, Hall, Brown, and Naffziger filed a Motion for Summary Judgment. (Docket no. 16.) On August 16, 2011, the Court granted Plaintiff's request to deny Defendants' Motion and stay dispositive-motion filing until the close of discovery. (*See* docket no.

45.) The Court noted that "Defendants Gager, Brown, Hall, and Naffziger may file a second Motion for Summary Judgment after Plaintiff has had an opportunity to conduct the necessary discovery." (*Id.* at 1-2.) Plaintiff's counsel then proceeded with discovery until she withdrew from the case on January 15, 2012. (*See* docket no. 53.) Since that time, Plaintiff has proceeded *in pro per* but has continued to conduct discovery. (*See* docket no. 78 at 2-4.)

Specifically, Plaintiff has attempted to ascertain the identities of the individuals who allegedly mishandled his mail. But when Plaintiff was finally able to discovery the identities of some individuals, he was unable to properly serve them because he did not have correct addresses. (*See* docket nos. 54 and 59.) In that light, on May 30, 2012, the Court ordered Defendants to disclose Defendant Martinez's address and granted Plaintiff's Motion to Extend Discovery for 45 days. (Docket no. 60.)

On June 21, 2012, the Court ordered service of Defendants Martinez and Evans. Defendants' attorney filed an appearance on behalf of Defendant Martinez on July 2, 2012. (Docket no. 64.) The Court was unable to serve Defendant Evans until late October 2012; Defendants' attorney filed an appearance on her behalf on October 31, 2012. (Docket no. 72.)

On June 6, 2012, Plaintiff served additional document requests on Defendants. (*See* docket no. 67 at 1.) Plaintiff argued that he did not have time to conduct discovery with regard to the new Defendants, so the Court extended the discovery deadline to January 7, 2013. (*See* docket no. 74.) Additionally, on Plaintiff's Motion, the Court ordered Defendants to produce for inspection time cards for certain employees during the time periods relevant to this matter. (*See id.*) Notably, the Court stated that "[n]othing in Rule 34 requires a party to make copies at another party's request." (*Id.* at 7.)

Pursuant to the Court's Order, Defendants made the time cards available for Plaintiff's

inspection sometime in November 2012. (*See* docket no 78 at 2.) Plaintiff took notes, but he was not provided with photocopies of the documents. (*Id.*)

Discovery closed on January 7, 2013, and neither Party has requested an extension. Defendant now asks the Court to permit the filing of a second dispositive motion by Defendants Gager, Brown, Hall, and Naffziger pursuant to the Court's August 16, 2011 Order. (Docket no. 76 at 6.) Plaintiff asks the Court to compel Defendants to produce photocopies of the time cards that he reviewed in November 2012. (Docket no. 78 at 3.)

**II.  Analysis**

**A  Defendant's Motion for Leave to File a Dispositive Motion**

Defendants ask the Court to grant leave for Defendants Gager, Brown, Hall, and Naffziger to file a second dispositive Motion under Fed. R. Civ. P. 56 pursuant to the Court's August 16, 2011 Order indicating that such a filing would be allowed following the close of discovery. (Docket no. 76 at 6.) Defendants also ask that the Court establish a dispositive Motion deadline of March 7, 2013 (60 days after the close of discovery) so that Defendants Evans and Martinez do not have to file a separate motion for leave to file. (*Id.*) Plaintiff did not file a response to Defendants' Motion, but Plaintiff appears to acknowledge that such a request is proper. (*See* docket no. 78 at 3 (noting that Plaintiff requests discovery "to assist . . . in preparing for opposing motions that the Defendants already requested the courts (sic) permission to file").) Therefore, the Court will grant Defendant's Motion and will establish a dispositive-motion deadline of May 13, 2013 (61 days from the date of this Opinion and Order).

**B.  Plaintiff's Motion to Compel**

Plaintiff's Motion to Compel seeks to have Defendants make copies of the time cards for Defendants Naffziger, Brown, Hall, Martinez, and Evans from the months of August 2009,

September 2009, October 2009, and June 2010. (Docket no. 78 at 3.) Plaintiff made a similar request in his previous Motion to Compel. (*See* docket no. 67 at 4-5.) When the Court ordered Defendants to produce the time cards for purposes of inspection, the Court noted as follows:

> Rule 34 requires a party "to produce and permit the requesting party or its representative to inspect, copy, test, or sample requested documents." Fed.R.Civ.P. 34(a)(1). Nothing in Rule 34 requires a party to make copies at another party's request.

(Docket no. 74 at 7.) Defendants complied with the Rule 34 and the Court's order when they provided the time cards for Plaintiff's inspection. Moreover, Plaintiff had an opportunity "to make notes of the relevant information." (Docket no. 78 at 2.) Therefore, the Court will Deny Plaintiff's Motion.

Nevertheless, the Court acknowledges that Plaintiff seeks the documents "to assist the Plaintiff in preparing for [Defendant's dispositive motions]" as allowed herein. (*Id.* at 3.) Under Fed. R. Civ. P. 56, Defendants will have the burden of showing "that there is no genuine dispute as to any material fact and the [Defendants are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Moreover, the Court must draw "all justifiable inferences in the light most favorable to the non-moving party." *Hager v. Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002). Defendants assert that Plaintiff "was permitted to take notes which he apparently did," and "[i]f there was something of interest to plaintiff when he reviewed the records, he could have asked for a copy of that specific record and let the Court decide that issue." (Docket no. 79 at 5.) Thus, to the extent that Plaintiff's response to Defendant's impending motion requires reference to the time cards in question, Defendant's rightful choice to forgo copying the time cards for Plaintiff may deprive the Court of the opportunity to review records essential to the Court's decision; Plaintiff cannot attach exhibits that are not in his possession. Therefore, the Court will entertain another motion to compel production of the time cards in connection with Plaintiff's Response to Defendants' Motion

for Summary Judgment provided that (1) the motion is filed concurrently with Plaintiff's Response; and (2) the motion specifies the following: (a) the particular time cards that Plaintiff requires in support of his argument, (b) the information that he believes to be included on the time cards (based on his notes), and (c) the arguments that he intends to support with the time cards.  Any other course would require the Court to rely merely on Plaintiff's notes and recollection or would require Defendants to prove the nonexistence of evidence.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to File a Dispositive Motion under Fed. R. Civ. P. 56 is **GRANTED**.  Dispositive Motions must be filed no later than May 13, 2013.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel is **DENIED**.  The Court will, however, entertain another motion to compel production of the time cards in question provided that:

(1) the motion is filed concurrently with Plaintiff's Response to Defendants' Motion(s) for Summary Judgment; and

(2) the motion specifies the following:

(a) the particular time cards that Plaintiff requires in support of his argument;

(b) the information that he believes to be included on the time cards; and

(c) the arguments that he intends to support with time cards.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  March 13,2013        s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Charles Smith and Counsel of Record on this date.

Dated: March 13, 2013        s/ Lisa C. Bartlett
                             Case Manager