UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES SMITH,

                      **Plaintiff,**        **CASE NUMBER: 10-12955**

**v.**                            **HONORABLE VICTORIA A. ROBERTS**
                                    **UNITED STATES DISTRICT COURT JUDGE**

**WAYNE DEVERNEY, KRIS
NAFFZIGER, JILL BROWN,
RUTH HALL, TRAVIS GAGER
and RHONDA MARTINEZ,**

                      **Defendants**

_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND OVERRULING PLAINTIFF'S OBJECTIONS

### I. INTRODUCTION

Plaintiff Charles Smith ("Mr. Smith"), a Michigan state prisoner at the St. Louis Correctional Facility("SLF"), brings this *pro se*[1] action under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights when they open various pieces of legal mail addressed to him. Mr. Smith seeks (1) declaratory relief that Defendants violated his constitutional rights, (2) injunctive relief ordering Defendants to act in compliance with his constitutional rights, (3) compensatory and punitive damages, and (4) reasonable fees and costs.

This case was referred to the Magistrate Judge for pretrial matters. It is now before the Court on Defendants' objections to the Magistrate Judge's Report and Recommendation ("R&R") concerning Defendant's Motion for Summary Judgment, and Mr. Smith's renewed

---

[1] Mr. Smith was represented by counsel from November 30, 2010, the day on which he filed his Amended Complaint (Dkt. 23), through February 10, 2012 (*See* Dkt. 53).

1

Motion to Compel.[2]

The R&R recommends that Defendants' Motion for Summary Judgment be granted, and that Mr. Smith's Motion to Compel be denied as moot. The Court **ADOPTS** the R&R.

## II.  Statement of Facts

The R&R sets forth a thorough and accurate account of the factual allegations in the Complaint. (*See* Dkt. 88).

## III. STANDARD OF REVIEW

### A. Summary Judgment

The Magistrate Judge's R&R is dispositive. Accordingly, this Court conducts a *de novo* review of specific objections made to the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1)(b). The failure to specifically object to the R&R waives any right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  This Court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made. 28 U.S.C. § 636(b).

A party is entitled to summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts must be viewed in the light most favorable to the non-moving party. *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears the burden of "showing ... that there is an absence of evidence to support the

---

[2] On November 14, 2012, the Court ordered Defendants to produce time cards for inspection. (Dkt. 74). Defendants produced the time cards, but did not provide Mr. Smith with copies of them. Mr. Smith filed a Motion to Compel the copies arguing that he needed them to respond to Defendants' Motion for Summary Judgment. (Dkt. 78). The Court denied Mr. Smith's request, but allowed him to re-file a request with his response to Defendants' Motion for Summary Judgment (Dkt. 80), since the time cards may be necessary to support Mr. Smith's factual assertions. (*See* Dkt. 85).

nonmoving party's case" by citing to materials in the record. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the nonmoving party has the ultimate burden of proof at trial, he must present sufficient evidence in the record establishing more than a "metaphysical doubt," but a genuine issue of material fact. *Matsushita*, 475 U.S. at 586.

## IV. ANALYSIS

### A. Issues Mr. Smith does not object to in the R&R: the Court ADOPTS

Mr. Smith does not object to the Magistrate Judge's recommendation that the following claims be dismissed:

**1) official-capacity claims against Defendants Evans and Martinez;**

**2) claims for physical injury or emotional distress; and**

**3) Objection #2 – Mr. Smith's claims against Defendant Gager.**

The Court ADOPTS these portions of the R&R.  And, to clarify, Mr. Smith admits that only Defendant Gager was personally involved in opening the Fed-Ex package that arrived on August 18, 2009. Mr. Smith does not specifically object to the recommendation that this claim be dismissed against all other defendants. Mr. Smith also does not object to the recommendation that all legal mail claims against Defendant Gager, other than the Fed-Ex package, be dismissed.

**4) Objection #3 – claims against Defendants Martinez and Naffziger**

Mr. Smith admits that only Defendants Martinez and Naffziger were involved in the September 8, 2009 and December 21, 2009 legal mail claims. Mr. Smith does not object to the recommendation that these two legal mail claims be dismissed against all other defendants. Mr. Smith also does not object to the recommendation that any other claims made against Defendants Martinez and Naffziger, other than Sept. 8 and Dec. 21, be dismissed.

### 5) Objection #4 – Mr. Smith's claims against Defendant Evans

Mr. Smith does not object to the finding that Defendant Evans did not begin working in the mail room until October 2010, after the last piece of mail at issue was opened. Likewise, Mr. Smith does not object to the recommendation that the claims against Defendant Evans should be dismissed.

The Court **ADOPTS** the R&R with respect to all of the above issues.

### B.  Mr. Smith's objections to the remaining items at issue

### 1) Objections #2, 3, and 4 – Mr. Smith's claims against Defendant Gager, Martinez, Naffziger, Hall and Brown

The Magistrate Judge recommends that Mr. Smith's claims for opening the Fed-Ex package and all other legal mail be dismissed.

The Court agrees with the Magistrate Judge that Defendant Gager's, Martinez's, Naffziger's, Hall's, and Brown's actions – if questionable at all – merely amount to negligence; this is insufficient for a Constitutional violation. *See Barker v. Sowders*, No. 98-5506, 1999 WL 427170, at *1 (6th Cir. June 15, 1999); *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9ᵗʰ Cir. 1989); *Hinderliter v. Hungerford*, 814 F. Supp. 66, 68 (D. Kan. 1993); *Bryant v. Winston*, 750 F. Supp. 733, 734 (E.D. Va. 1990); *Williams v. McClain*, 708 F. Supp. 1086, 1089 (W.D. Mo. 1989). *See generally, Daniels v. Williams*, 474 U.S. 327, 330-33 (1986) (negligence on part of public officials insufficient to state constitutional civil rights claim).

In his objections, Mr. Smith cites to *Merriweather v. Zamora*, 569 F.3d 307, 317 (6th Cir. 2009) and *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) arguing that the factual issues in his case are substantially similar to that in *Merriweather* and *Lavado*, and that his case should

4

proceed to trial.

In *Merriweather*, a prisoner filed a civil rights suit against prison mail room employees who routinely opened the prisoner's properly marked "legal mail" outside of his presence. The Sixth Circuit held that a "blatant disregard" for mail handling regulations concerning legal mail violates the Constitution. *Id.* at 317. The Sixth Circuit found this sort of routine opening of legal mail amounted to a Constitutional violation. *Id.*

*Merriweather* is distinguishable, inasmuch as Mr. Smith fails to demonstrate the "routine" opening of mail found actionable in *Merriweather*.

In *Lavado*, a prisoner filed a similar civil rights suit against prison mail room employees. The Bureau of Prisons' regulations followed by the mail room employees in *Lavado* did not clearly differentiate between the treatment of legal *envelopes* and legal *packages*. The Sixth Circuit held that "the contours of Lavado's alleged constitutional right" were not sufficiently clear for the employees' conduct to violate the constitution. *Lavado*, 992 F.2d at 609.

*Lavado*, is distinguishable. Defendants' misunderstanding of prison policy concerning handling "criminal legal mail" and "civil legal  mail" mirrors the conduct found constitutional in *Lavado*. Mr. Smith has not provided enough evidence for the Court to infer that Defendants' conduct rose above mere negligence.

The Court **ADOPTS** the R&R concerning Mr. Smith's claim against Defendant Gager.

**4.) Objection #5 – Mr. Smith's claims against Defendant DeVerney**

The Magistrate Judge recommends that Mr. Smith's claims against Defendant DeVerney be dismissed; he found that § 1983 liability cannot be based on a failure to act or on a theory of *respondeat superior*. *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206-07 (6th Cir. 1998). The

5

Court agrees.

To be liable under § 1983, a supervisor must have "'either encouraged the specific incident of misconduct or in some other way directly participated in it," or "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson Cnty., Ky.*, 688 F.2d 869, 874 (6th Cir. 1982)).

Defendant DeVerney did not open Mr. Smith's legal mail. And, there is no evidence to suggest that DeVerney personally trained mail room employees or told them that only mail related to criminal matters is considered "legal mail." The Magistrate Judge found that at most, DeVerney was aware Mr. Smith's legal mail was opened and was mistaken as to whether employees were allowed to open the mail. The Court agrees.

Because the mail room employees' negligence does not amount to a constitutional violation, the claims against supervisor DeVerney, are dismissed.

The Court **ADOPTS** the R&R concerning Mr. Smith's claims against Defendant DeVerney.

### 5.) Objection #7 – Qualified Immunity

Because the Court adopts the Magistrate Judge's R&R and dismisses Mr. Smith's claims on the merits, the Court will not address Mr. Smith's seventh objection.

## V. CONCLUSION

The Magistrate Judge's R&R is **ADOPTED**. Defendants' objections to the Magistrate Judge's R&R are **OVERRULED**. The Court dismisses this matter in its entirety and **DENIES** Mr. Smith's Motion to Compel (pages 26-27 of Response Dkt. 85 ) as moot.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 26, 2013

The undersigned certifies that a copy of this
document was served on the attorneys and of
record and Charles Smith by electronic means or
U.S. Mail on November 26, 2013.

S/Linda Vertriest
Deputy Clerk

7